# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00511-CV

**Frenchell C. Hughes, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 204,256-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Frenchell Hughes appeals the district court's final order terminating her parental rights to her daughter, K.H. Appellant's court-appointed appellate counsel filed a motion to withdraw, accompanied by an *Anders* brief, asserting that, after a conscientious and professional evaluation of the record, she believes the appeal is frivolous because the record demonstrates no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 741-44 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied). We will affirm the trial court's order and grant counsel's motion to withdraw.

The record in this case demonstrates the following facts: In February 2004, K.H. was born prematurely to appellant, who was sixteen years old and unmarried. In April 2004, the Texas Department of Family and Protective Services received a report that K.H. was being medically and physically neglected. Child Protective Services conducted an investigation of the family situation,

which concluded that K.H. "is at serious risk of physical harm in the chaotic home environment with the mother, Frenchell Hughes, and the maternal grandmother," and that K.H. "would continue to be at risk of physical neglect and neglectful supervision in the home with Frenchell Hughes." The child was voluntarily placed in the temporary custody of a family member.

A psychological evaluation of appellant reflected a history of marijuana use and depression, as well as the fact that appellant planned to quit school; she was in the eighth grade at the time. Counseling sessions were scheduled for appellant, but she failed to keep most of the appointments. Appellant also missed the majority of scheduled visits with K.H. from June to September, but appeared at bi-monthly scheduled visits from October to January. However, the caseworker present at these visits testified that they went poorly because appellant did not know how to "care for the baby, change the baby, feed the baby, [or what] the appropriate age toys [were] to play with the child." The Department concluded that appellant "displayed little concern for the care and nurturing of [K.H.]." Further, appellant was reported as having "a history of violent behaviors," including fighting with classmates and assaulting a teacher. Because of these altercations, as well as appellant's truancy problem, she was assigned to the Juvenile Justice Alternative Education Center, but failed to complete the program's requirements. She also failed to complete court-ordered anger management classes. Appellant was placed on probation for biting her nine-year-old brother. During probation, she was reported for stabbing a classmate with a pencil, which appellant claimed was an accident arising from "horseplay." Appellant was also referred to Adult Protective Services for assaulting her mother.

2

Additionally, on two separate occasions in the months before the termination hearing, appellant tested positive for marijuana and cocaine use. During the three months before the hearing, appellant had missed eighteen days of school, had failed to obtain her GED, and was unemployed. At the hearing, appellant claimed that she still planned to get her GED and that she was "willing to do whatever it takes . . . to get [her] daughter back." Nonetheless, she also admitted that someone with her history and characteristics was not the type of person "who needs a little infant to raise."

In July 2004, K.H. was placed in the foster care of a family that hoped to adopt her. The social caseworker testified that the foster family had bonded with K.H. and could provide her a stable home environment, and that it would be disruptive to remove K.H. from their home. Accordingly, the caseworker recommended that it would be in K.H.'s best interest for appellant's parental rights to be terminated and for K.H. to be adopted by the foster family.

A termination hearing was held at which appellant appeared, was represented by counsel, and waived the right to a jury trial. Based on the above facts, the court found by clear and convincing evidence that appellant had engaged in conduct that endangered the physical and emotional well-being of the child and had failed to comply with previous court orders. The court determined that termination of appellant's parental rights was in K.H.'s best interest. *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2005). A final decree of termination was then entered against appellant.[1] *See id.* § 161.206 (West Supp. 2005). Appellant's trial counsel filed a motion to withdraw, which was granted.

---

[1] The parental rights of the child's father were also terminated by this decree, but he is not a party to this appeal.

Appellant was subsequently appointed appellate counsel, who simultaneously filed a motion for new trial in the district court and a notice of appeal in this Court. The motion for new trial was denied. In the docket entry denying that motion, the district court noted that "any appeal of this matter would be frivolous." *See id*. § 263.405(d)(3) (West Supp. 2005). Counsel then filed her motion to withdraw and an *Anders* brief in this Court. Appellant was provided copies of the record, the motion, and the brief, and was notified of her right to file a pro se brief. More than thirty days have passed, and no pro se brief has been filed.

After conducting a careful and independent review of the record, we agree with counsel's assessment that the appeal is frivolous and without merit. *See Anders*, 386 U.S. at 741-44; *Taylor*, 160 S.W.3d at 646-47. We therefore affirm the district court's order of termination as to appellant and grant counsel's motion to withdraw.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: June 1, 2006

4